IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES SPENCER | * | |
| Plaintiff, | * | |
| v. | * | Civil Action Case No. RDB-09-2431 |
| | | (Consolidated Case: RDB-09-2456) |
| MARYLAND CORRECTIONAL INSTITUTION JESSUP | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed on September 15, 2009, together with a Motion to Proceed In Forma Pauperis and a Motion to Appoint Counsel. Plaintiff, who is incarcerated at Patuxent Institution, alleges that his property was lost by staff at Maryland Correctional Institution Jessup (MCIJ). Paper No. 1. He seeks monetary damages for the loss of his property.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992);

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

*Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis, absent a showing of imminent danger, if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed .R.Civ. P. 12(b)(6).  A separate Order follows.

<u>September 29, 2009</u>  
Date

/s/  
_____  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE